**FREEMAN MATHIS & GARY, LLP**
Sharon C. Collier (SBN 203450)
Sharon.Collier@fmglaw.com
Nathaniel L. Dunn (SBN 255661)
Nate.Dunn@fmglaw.com
1850 Mt. Diablo Blvd., Suite 510
Walnut Creek, CA 94596
D: (925) 210-2283
F: (833) 330-3669

Attorneys for Defendants
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIET TUMUSIIME and ADAM MUKIIBI,<br><br>Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br>CORELLE BRANDS, LLC; and DOES ONE<br>through FIFTY, inclusive,<br><br>Defendants. | Case No.<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REMOVAL TO FEDERAL COURT** |

Pursuant to Federal Rule of Evidence 201, *et seq.*, Defendant COSTCO WHOLESALE CORPORATION ("Costco") request the Court take judicial notice of the following:

1.       On or about August 12, 2024, Plaintiff filed a Complaint against Costco in the Superior Court of California for Contra Costa County entitled *Juliet Tumusiime, et al.  v. Costco Wholesale Corporation, et al.,* Case No. C24-02140 (hereinafter, the "State Court Action").  This Court may take judicial notice of court filings and other matters of public record. See *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998).  A true and correct copy of Plaintiffs' Complaint is attached hereto as "**Exhibit 1**."

1    2.    Defendant CORELLE BRANDS, LLC was dismissed from the case on October 2,

2    2024.  This Court may take judicial notice of court filings and other matters of public record. See

3    *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th

4    Cir.1998).  A true and correct copy of the filed dismissal of CORELLE BRANDS is attached

5    hereto as "**Exhibit 2**."

6    3.    Costco's Answer filed in the State Court Action on October 2, 2024.  This Court

7    may take judicial notice of court filings and other matters of public record. See *Burbank–Glendale–*

8    *Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998). A true and correct

9    copy of Costco's Answer is attached hereto as "**Exhibit 3**."

10    4.    Costco's Amended and Restated Articles of Incorporation.  This Court may take

11    judicial notice of court filings and other matters of public record. See *Burbank–Glendale–*

12    *Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998).  A true and correct

13    copy of Costco's Amended and Restated Articles of Incorporation attached hereto as "**Exhibit 4**."

14

15    Dated: November 14, 2024                    **FREEMAN MATHIS & GARY, LLP**

16

17                                            By: _____

18                                                NATHANIEL L. DUNN
                                                 Attorneys for Defendant
19                                               COSTCO WHOLESALE CORPORATION

20

21

22

23

24

25

26

27

28

**DECLARATION OF NATHANIEL L. DUNN IN SUPPORT OF REMOVAL TO FEDERAL COURT**

1

## **CERTIFICATE OF SERVICE**

2

I declare that I am employed in the City and County of Contra Costa, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 1850 Mt. Diablo Blvd., Suite 510, Walnut Creek, CA 94596 my email address is karen.greer@fmglaw.com

3

4

On November 14, 2024, I served copies of the attached document(s) entitled:

5

**DECLARATION OF NATHANIEL L. DUNN IN SUPPORT OF REMOVAL TO FEDERAL COURT**

6

7

On the interested parties in this as follows:

8

*SEE ATTACHED SERVICE LIST*

9

In the manner set forth below:

10

☐ **BY U.S. MAIL.** I placed such envelope, addressed to the parties set forth on the attached Service List, postage prepaid, for collection and mailing at my business address following our ordinary business practices. I am readily familiar with our ordinary business course of collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business on the same day that correspondence is placed for collection and mailing, it is deposited with the United States Postal Service for delivery to the addressee.

11

12

13

14

15

☒ **BY ELECTRONIC MAIL.** I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic notification address is Karen.greer@fmglaw.com

16

17

18

☐ **BY PERSONAL DELIVERY.** I caused to be served by messenger for personal delivery that same day the foregoing documents in a sealed envelope to the below persons set forth on the attached Service List.

19

20

☒ **FEDERAL.** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

21

22

23

Executed on November 14, 2024, at Walnut Creek, California.

24

25

*Karen Greer*
_____

26

Karen Greer

27

28

___

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

**Tumusiime, et al. v. Costco Wholesale Corporation, et al.**
*Contra Costa County Superior Court Case No. C24-02140*

| | |
|---|---|
| Matthew D. Davis, Esq.<br>Andrew P. McDevitt, Esq.<br>Joseph Nicholson, Esq.<br>Walkup, Melodia, Kelly & Schoenberger, P.C.<br>650 California Street, 26th Floor<br>San Francisco, CA 94108<br><br>Email: mdavis@walkuplawoffice.com<br>        amcdevitt@walkuplawoffice.com<br>        jnicholson@walkuplawoffice.com<br>        JShull@WalkupLawOffice.com<br>        afreeman@WalkupLawOffice.com<br>        kbenzien@WalkupLawOffice.com | ***Attorneys for Plaintiffs***<br>JULIET TUMUSIIME and ADAM MUKIIBI |

**DECLARATION OF NATHANIEL L. DUNN IN SUPPORT OF REMOVAL TO FEDERAL COURT**

# EXHIBIT 1

LAW OFFICES OF

# WALKUP, MELODIA, KELLY & SCHOENBERGER
### A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

**Per local Rule, This case is assigned to Judge Treat, Charles S, for all purposes.**

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS JULIET TUMUSIIME AND ADAM MUKIIBI**

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

C24-02140

JULIET TUMUSIIME and ADAM MUKIIBI,

            Plaintiffs,

    v.

COSTCO WHOLESALE CORPORATION, CORELLE BRANDS LLC, and DOES ONE through FIFTY, inclusive,

            Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

(1) Strict Liability—Design Defect;
(2) Strict Liability—Failure to Warn;
(3) Strict Liability—Manufacturing Defect;
(4) Negligence—Products Liability;
(5) Negligence—Failure to Recall/Retrofit
(6) Loss of Consortium

**DEMAND FOR JURY TRIAL**

Plaintiffs Juliet Tumusiime and Adam Mukiibi hereby complain of defendants, and each of them, and allege as follows.

### FIRST CAUSE OF ACTION

### [Strict Liability—Design Defect]

1.    On September 11, 2022, plaintiff Juliet Tumusiime suffered severe burns at her home in Antioch, California, due to the catastrophic failure of an Instant Pot Duo Gourmet pressure cooker.

2. Plaintiff is informed, and on that basis believes, that defendant Corelle Brands LLC is in the business of designing, manufacturing, marketing, supplying, distributing, and selling pressure cookers and did design, manufacture, market, supply, distributed and/or sell the subject pressure cooker.

3. Plaintiff is informed, and on that basis believes, that defendant Costco Wholesale Corporation marketed, supplied, distributed, and/or sold the subject pressure cooker to plaintiffs on or about May 29, 2021, at its retail location in Antioch, California (Warehouse 1002).

4. Plaintiff is ignorant of the true names, capacities, bases for liability and involvements of defendants named herein as Does One through Fifty, inclusive, and therefore sue these defendants under such fictitious names. Plaintiff will amend this Complaint to allege their true names, capacities, and involvements when same are finally determined. Plaintiff is informed and believe and thereupon allege that each of the fictitiously named defendants are negligently, maliciously, oppressively, fraudulently, recklessly, or strictly liable or otherwise responsible in some manner for the occurrences alleged, and plaintiff's harms and losses were caused by the negligence or other conduct of these defendants.

5. At all times herein mentioned, each and every of the defendants was the agent, ostensible agent, servant, employee, partner, joint venturer, alter ego, affiliate, subsidiary, and/or franchisee of each of the other defendants, and each was at all times acting within the scope of such agency, service, partnership, employment, joint venture, affiliation and/or franchise.

6. The design of the subject pressure cooker was defective. When used in an intended or reasonably foreseeable way, a safely designed pressure cooker would not cause scalding hot liquid, steam and other contents to erupt and cause serious injury to persons in the vicinity.

7. As a direct legal and proximate result of the product's defective design, plaintiff Juliet Tumusiime was harmed and suffered physical pain, mental suffering

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES

1    and emotional distress. Furthermore, it became necessary for plaintiff to incur

2    expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and

3    medically necessary supplies and services. Plaintiff prays leave to amend this

4    Complaint to insert these elements of damage in this respect when the same are

5    finally determined.

6        8.    By reason of the premises, plaintiff has suffered a reduction and

7    diminution of her earning capacity as well as a loss of wages, and a future loss of

8    wages, in an amount that is presently unknown, and plaintiff prays leave to amend

9    this complaint to insert her element of damage in this respect when the same are

10   finally determined.

11       9.    By reason of the premises, and as a direct and legal result thereof,

12   plaintiff has suffered and sustained general (non-economic) and special (economic)

13   damages in sums exceeding the minimum jurisdictional limits of this Court.

14   ### SECOND CAUSE OF ACTION

15   ### [Strict Liability—Failure to Warn]

16       10.   Plaintiff hereby incorporates by reference all facts and allegations of the

17   preceding paragraphs as though alleged fully herein as part of this cause of action.

18       11.   Defendants designed, manufactured, marketed, supplied, distributed,

19   and/or sold the subject pressure cooker. This product had potential risks that were

20   known or knowable in light of the scientific knowledge generally available and

21   accepted at the time. In particular, the subject pressure carried the risk that certain

22   types of food—while still scalding hot—would splatter, spit, and/or erupt from the

23   cooker as a result of ordinary and intended use. These risks presented a substantial

24   danger to consumers and others when the product was used or misused in an

25   intended or reasonably foreseeable way.

26       12.   Ordinary consumers would not have recognized the potential risks and

27   defendants failed to adequately warn or instruct of the potential risks. Defendants

28   failed to warn that the subject pressure cooker had a tendency to spit scalding hot

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3

COMPLAINT FOR DAMAGES

1    liquid, steam and other contents.

2    13.    Despite the known and knowable risks of serious personal injury,

3    defendants failed to adequately warn or instruct of the potential risks and hazards of

4    the subject pressure cooker.

5    14.    As a direct legal and proximate result of defendants' failure to warn,

6    plaintiff Juliet Tumusiime was harmed and suffered physical pain, mental suffering

7    and emotional distress. Furthermore, it became necessary for plaintiff to incur

8    expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and

9    medically necessary supplies and services. Plaintiff prays leave to amend this

10    Complaint to insert these elements of damage in this respect when the same are

11    finally determined.

12    15.    By reason of the premises, plaintiff has suffered a reduction and

13    diminution of her earning capacity as well as a loss of wages, and a future loss of

14    wages, in an amount that is presently unknown, and plaintiff prays leave to amend

15    this complaint to insert her element of damage in this respect when the same are

16    finally determined.

17    16.    By reason of the premises, and as a direct and legal result thereof,

18    plaintiff has suffered and sustained general (non-economic) and special (economic)

19    damages in sums exceeding the minimum jurisdictional limits of this Court.

20    **THIRD CAUSE OF ACTION**

21    **[Strict Liability—Manufacturing Defect]**

22    17.    Plaintiff hereby incorporates by reference all facts and allegations of the

23    preceding paragraphs as though alleged fully herein as part of this cause of action.

24    18.    The subject pressure cooker contained a manufacturing defect when it

25    left defendants' possession in that it differed from the manufacturer's design, from

26    the intended result and/or from other ostensibly identical units of the same product

27    line. The defective product failed to match the quality of most like products in that it

28    spit out scalding hot liquid, steam and other contents when used in an intended or

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES

1  reasonably foreseeable way.

2      19.    As a direct legal and proximate result of a manufacturing defect,

3  plaintiff Juliet Tumusiime was harmed and suffered physical pain, mental suffering

4  and emotional distress. Furthermore, it became necessary for plaintiff to incur

5  expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and

6  medically necessary supplies and services. Plaintiff prays leave to amend this

7  Complaint to insert these elements of damage in this respect when the same are

8  finally determined.

9      20.    By reason of the premises, plaintiff has suffered a reduction and

10  diminution of her earning capacity as well as a loss of wages, and a future loss of

11  wages, in an amount that is presently unknown, and plaintiff prays leave to amend

12  this complaint to insert her element of damage in this respect when the same are

13  finally determined.

14      21.    By reason of the premises, and as a direct and legal result thereof,

15  plaintiff has suffered and sustained general (non-economic) and special (economic)

16  damages in sums exceeding the minimum jurisdictional limits of this Court.

17                    **FOURTH CAUSE OF ACTION**

18                    **[Negligence—Products Liability]**

19      22.    Plaintiff hereby incorporates by reference all facts and allegations of the

20  preceding paragraphs as though alleged fully herein as part of this cause of action.

21      23.    Defendants designed, manufactured, marketed, supplied, distributed,

22  and/or sold the subject pressure cooker. In so doing, defendants failed to use the

23  amount of care that a reasonably careful designer, manufacturer, marketer, supplier,

24  distributor or seller would use in similar circumstances to avoid exposing others to a

25  foreseeable risk of harm.

26      24.    Defendants knew of the likelihood of severe harm from the product and

27  failed to take reasonable safety measures to reduce or avoid the harm.

28  / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

25.    As a direct legal and proximate result of the carelessness and negligence of defendants, plaintiff Juliet Tumusiime was harmed and suffered physical pain, mental suffering and emotional distress. Furthermore, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

26.    By reason of the premises, plaintiff has suffered a reduction and diminution of her earning capacity as well as a loss of wages, and a future loss of wages, in an amount that is presently unknown, and plaintiff prays leave to amend this complaint to insert her element of damage in this respect when the same are finally determined.

27.    By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) and special (economic) damages in sums exceeding the minimum jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION

### [Negligence—Failure to Recall/Retrofit]

28.    Plaintiff hereby incorporates by reference all facts and allegations of the preceding paragraphs as though alleged fully herein as part of this cause of action.

29.    Defendants, and each of them, became aware of defects in the subject pressure cooker. Yet, defendants, and each of them, failed to recall or retrofit the pressure cooker and failed to warn of the known unreasonable risks and safety hazards.

30.    Reasonably careful designers, manufacturers, marketers, suppliers, distributors and sellers would have recalled or retrofitted the pressure cooker in similar circumstances to avoid exposing others to a foreseeable risk of harm.

31.    As a direct legal and proximate result of the carelessness and negligence of defendants, plaintiff Juliet Tumusiime was harmed and suffered physical pain,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  mental suffering and emotional distress. Furthermore, it became necessary for

2  plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other

3  reasonably required and medically necessary supplies and services. Plaintiff prays

4  leave to amend this Complaint to insert these elements of damage in this respect

5  when the same are finally determined.

6      32.    By reason of the premises, plaintiff has suffered a reduction and

7  diminution of her earning capacity as well as a loss of wages, and a future loss of

8  wages, in an amount that is presently unknown, and plaintiff prays leave to amend

9  this complaint to insert her element of damage in this respect when the same are

10 finally determined.

11     33.    By reason of the premises, and as a direct and legal result thereof,

12 plaintiff has suffered and sustained general (non-economic) and special (economic)

13 damages in sums exceeding the minimum jurisdictional limits of this Court.

14                    **<u>SIXTH CAUSE OF ACTION</u>**

15                      **[Loss of Consortium]**

16     34.    Plaintiff hereby incorporates by reference all facts and allegations of the

17 preceding paragraphs as though alleged fully herein as part of this cause of action.

18     35.    At all times herein, plaintiff Adam Mukiibi was the lawful spouse of

19 plaintiff Juliet Tumusiime.

20     36.    As a direct and legal result of the negligence of the defendants, and each

21 of them, plaintiff Adam Mukiibi has suffered a loss of his wife's support, service, love,

22 companionship, affection and society, and all other elements of consortium as

23 recognized in California law, all to his general (non-economic) damage in an amount

24 in excess of the jurisdictional minimum of this court.

25     WHEREFORE, plaintiffs pray judgment against defendants, and each of them,

26 as follows:

27          a.    For general (non-economic) damages according to proof;

28          b.    For special (economic damages) according to proof;

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1       c.    For costs of suit;

2       d.    For pre-judgment interest according to law; and

3       e.    For such other and further relief as the Court may deem proper.

Dated:  August 12, 2024       WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MATTHEW D. DAVIS
ANDREW P. McDEVITT
JOSEPH NICHOLSON
Attorneys for PLAINTIFFS JULIET
TUMUSIIME AND ADAM MUKIIBI

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all claims plead herein.

Dated:  August 12, 2024       WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MATTHEW D. DAVIS
ANDREW P. McDEVITT
JOSEPH NICHOLSON
Attorneys for PLAINTIFFS JULIET
TUMUSIIME AND ADAM MUKIIBI

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES

# EXHIBIT 2

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew D. Davis/Andrew P. McDevitt/Joseph Nicholson (141986/271371/284959)<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street, 26th Floor<br>San Francisco, CA 94108-2615<br>TELEPHONE NO.: (415) 981-7210   FAX NO. *(Optional)*: (415) 391-6965<br>E-MAIL ADDRESS *(Optional)*: jnicholson@walkuplawoffice.com<br>ATTORNEY FOR *(Name)*:   Plaintiffs | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS:   725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Martinez, CA 94553
BRANCH NAME:

PLAINTIFF/PETITIONER: Juliet Tumusiime, et al.

DEFENDANT/RESPONDENT: Costco Wholesale Corportation, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>C24-02140 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):*                                   on *(date):*
   (4) ☐ Cross-complaint filed by *(name):*                                   on *(date):*
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify):**   As to Defendant Corelle Brands LLC Only

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: October 2, 2024

Joseph Nicholson .................................................
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

▶ _____ (signature)
(SIGNATURE)
Attorney or party without attorney for:

\* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)
Attorney or party without attorney for:

\*\* If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for the cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested on *(date):*   10/2/2024 1:38 PM
5. ☐ Dismissal entered on *(date):*                        as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy          /s/ A. Stewart

Date:   10/2/2024 1:38 PM          Clerk, by _____ , Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | CEB<br>ceb.com | Essential<br>Forms | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| PLAINTIFF/PETITIONER: | Juliet Tumusiime, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Costco Wholesale Corportation, et al. | C24-02140 |

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):*    ☐ Yes  ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

► _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)            (SIGNATURE)

CIV-110 [Rev. January 1, 2013]    **REQUEST FOR DISMISSAL**    Page 2 of 2

CEB®
ceb.com    Essential Forms

Tumusiime - 16502

# PROOF OF SERVICE

**Tumusiime, Juliet, et al. v. Costco, et al.**
**Case No. C24-02140**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place, My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

## REQUEST FOR DISMISSAL
### (As to Defendant Corelle Brands LLC Only)

to:

| | |
|---|---|
| Sharon C. Collier<br>Nathaniel L. Dunn<br>FREEMAN MATHIS & GARY, LLP<br>1850 Mt. Diablo Blvd., Suite 510<br>Walnut Creek, CA 94596 | Attorneys for Defendant COSTCO WHOLESALE CORPORATION<br>D: (925) 210-2283<br>F: (833) 330-3669<br>Sharon.Collier@fmglaw.com<br>Nate.Dunn@fmglaw.com<br>kgreer@fmglaw.com |
| Matthew C. Corcoran<br>Daniel C. Loesing<br>Jones Day<br>325 John H. McConnell Blvd., Suite 600<br>Columbus. OH 43215 | Attorneys for Defendant CORELLE BRANDS, LLC<br>Phone: 614.469.3939<br>mccorcoran@jonesday.com<br>dloesing@ionesdav.com |

**BY ELECTRONIC TRANSMISSION:**  Pursuant to CCP 1010.6(e), I caused the above-titled document(s) to be electronically served on the persons at the electronic service addresses listed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 2, 2024, at San Francisco, California.

_____
Jennifer Shull

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

# EXHIBIT 3

1

**FREEMAN MATHIS & GARY, LLP**
Sharon C. Collier (SBN 203450)

2

Sharon.Collier@fmglaw.com
Nathaniel L. Dunn (SBN 255661)

3

Nate.Dunn@fmglaw.com
1850 Mt. Diablo Blvd., Suite 510

4

Walnut Creek, CA 94596

5

D: (925) 210-2283
F: (833) 330-3669

6

Attorneys for Defendants

7

COSTCO WHOLESALE CORPORATION

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**COUNTY OF CONTRA COSTA**

10

**UNLIMITED CIVIL JURISDICTION**

11

12

| JULIET TUMUSIIME and ADAM MUKIIBI, | Case No. C24-02140 |
|---|---|
| Plaintiffs, | *Assigned for All Purposes to*<br>*Hon. Charles S. Treat, Dept. 12* |
| v. | |
| COSTCO WHOLESALE CORPORATION, CORELLE BRANDS, LLC; and DOES ONE through FIFTY, inclusive, | **ANSWER TO COMPLAINT** |
| Defendants. | *Action Filed: August 12, 2024* |
| | *Trial Date:  Not Set* |

13

14

15

16

17

18

19

20

    COMES NOW Defendant COSTCO WHOLESALE CORPORATION with an Answer to

21

the Complaint of Plaintiffs JULIET TUMUSIIME and ADAM MUKIIBI as follows:

22

23

<u>**GENERAL DENIAL**</u>

24

    Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

25

and every allegation contained in Plaintiffs' Complaint, and each and every cause of action therein,

26

and specifically deny that Plaintiffs have been damaged in any respect by any allegedly wrongful

27

act or omission on the part of Defendant, its officers, employees, or agents.  This paragraph is

28

incorporated by reference into each and every affirmative defense set forth below.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each cause of action thereof, fails to set forth facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Defendant alleges that Plaintiffs were negligent in and about the matter alleged in their Complaint and that said negligence on said Plaintiffs' own part proximately contributed to the happening of the accident, to the injuries, losses and damages complained of, if any there were.

**THIRD AFFIRMATIVE DEFENSE**

**(Fault of Others)**

While at all times denying any liability and responsibility whatsoever to Plaintiffs herein, Defendant contends that liability and responsibility for the events alleged in the Complaint is solely attributable to other persons and entities, including other persons and entities, and that Plaintiffs should be limited to seeking recovery from this Defendant for the proportion of alleged injuries and damages for which it is actually found liable or responsible, with all such alleged liability and responsibility being expressly denied.

**FOURTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

Plaintiffs are barred from asserting any claim against Defendant by reason of Plaintiffs' assumption of the risk of the matters causing the injuries and damages incurred, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Use Reasonable Diligence)**

Plaintiffs' injuries, losses or damages, if any, were aggravated by Plaintiffs' and/or other persons' failure to use reasonable diligence.

**SIXTH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

Defendant alleges that the Plaintiffs' claims are barred by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver / Estoppel)

Plaintiffs have waived and are estopped from asserting any claim against Defendant by reason of Plaintiffs' approval and consent to the risk in the matters causing the damages alleged, if any, in her/his acknowledgment of, acquiescence in and consent to the alleged act or omissions, if any, of this Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' injuries, losses and damages suffered, if any, which are expressly denied, were caused by Plaintiffs' failure to take reasonable steps to mitigate such damages; to the extent that such injuries, losses or damages were caused by Plaintiffs' failure to take reasonable steps to mitigate such damages, that such are not recoverable against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Civil Code §1431.2 Apportionment)

The liability of this answering Defendant, if any, for Plaintiffs' economic loss should be prorated pursuant to the provisions of California Civil Code section 1431.2.

## TENTH AFFIRMATIVE DEFENSE

### (Misuse)

Plaintiffs misused the allegedly defective product identified in their Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Modification)

Plaintiffs modified the allegedly defective product identified in their Complaint.

///
///
///

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1.    That judgment be entered in this action in favor of Defendant and against Plaintiffs upon the issues of the Complaint;

2.    That the Complaint herein be dismissed in its entirety;

3.    For costs of suit; and

4.    For such other and further relief as the court may deem just and proper.

Dated:  October 2, 2024                    **FREEMAN MATHIS & GARY, LLP**

_____ nld__
SHARON C. COLLIER
NATHANIEL L. DUNN
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**ANSWER TO COMPLAINT**

1

**<u>CONSENT AND NOTICE OF ELECTRONIC SERVICE ADDRESS</u>**

2      Pursuant to C.C.P. § 1010.6 and California Rule of Court 2.251, Defendant COSTCO

3 WHOLESALE CORPORATION ("Defendant") consents to electronic service of notices and

4 documents in the above-captioned action.  Defendant hereby requests that all documents served

5 upon it or its counsel in this action be served electronically to the following email addresses:

6

**<u>Nate.Dunn@fmglaw.com</u>**
7 **<u>Sharon.Collier@fmglaw.com</u>**
**<u>KGreer@fmglaw.com</u>**
8 **<u>Katrina.Hardy@fmglaw.com</u>**

9

10 Dated: October 2, 2024                              **FREEMAN MATHIS & GARY, LLP**

11

12                                      By:  _____

13                                           NATHANIEL L. DUNN
                                             Attorneys for Defendant
14                                           COSTCO WHOLESALE CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

I declare that I am employed in the City and County of Contra Costa, State of California.  I
am over the age of eighteen years at the time of service and not a party to the within cause.  My
employment address is 1850 Mt. Diablo Blvd., Suite 510, Walnut Creek, CA 94596 my email
address is karen.greer@fmglaw.com

3

4

On October 2, 2024, I served copies of the attached document(s) entitled:

5

6

### **ANSWER TO COMPLAINT**

7

On the interested parties in this as follows:

8

*SEE ATTACHED SERVICE LIST*

9

In the manner set forth below:

10

☐   **BY U.S. MAIL.**  I placed such envelope, addressed to the parties set forth on the
attached Service List, postage prepaid, for collection and mailing at my business
address following our ordinary business practices. I am readily familiar with our
ordinary business course of collection and processing of correspondence for
mailing with the United States Postal Service. In the ordinary course of business
on the same day that correspondence is placed for collection and mailing, it is
deposited with the United States Postal Service for delivery to the addressee.

11

12

13

14

☒   **BY ELECTRONIC MAIL.**  I caused the documents to be sent to the persons at
their electronic notification addresses. I did not receive, within a reasonable time
after the transmission, any electronic message or other indication that the
transmission was unsuccessful. My electronic notification address is
Karen.greer@fmglaw.com

15

16

17

18

☐   **BY PERSONAL DELIVERY.**  I caused to be served by messenger for personal
delivery that same day the foregoing documents in a sealed envelope to the below
persons set forth on the attached Service List.

19

20

☒   **STATE.**  I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

21

22

Executed on October 2, 2024, at Walnut Creek, California.

23

24

25

Karen Greer

26

27

28

6
**ANSWER TO COMPLAINT**

1

## SERVICE LIST

2

**Tumusiime, et al. v. Costco Wholesale Corporation, et al.**
*Contra Costa County Superior Court Case No. . C24-02140*

3

| | |
|---|---|
| Matthew D. Davis, Esq. | ***Attorneys for Plaintiffs*** |
| Andrew P. McDevitt, Esq. | JULIET TUMUSIIME and ADAM |
| Joseph Nicholson, Esq. | MUKIIBI |
| Walkup, Melodia, Kelly & Schoenberger, P.C. | |
| 650 California Street, 26th Floor | |
| San Francisco, CA 94108 | |
| | |
| Email: mdavis@walkuplawoffice.com | |
| amcdevitt@walkuplawoffice.com | |
| jnicholson@walkuplawoffice.com | |
| JShull@WalkupLawOffice.com | |
| afreeman@WalkupLawOffice.com | |
| kbenzien@WalkupLawOffice.com | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

AME

# STATE of WASHINGTON



# SECRETARY of STATE

**I, RALPH MUNRO,** *Secretary of State of the State of Washington and custodian of its seal,* hereby issue this

## CERTIFICATE OF AMENDMENT

to

## COSTCO WHOLESALE CORPORATION

a Washington Profit Corporation.  Articles of Amendment were filed for record in this office on the date indicated below.

### Amending and Restating Articles

UBI Number:  601 024 674                          Date:  August 27, 1999



*Given under my hand and the Seal of the State of Washington at Olympia, the State Capital*



*Ralph Munro, Secretary of State*

2-387476-1

FILED
˜ATE OF WASHINGTON

AUG 2 7 1999

ʜALPH ᴍUNRO
SECRETAʀY ᴏF STATE

# ARTICLES OF AMENDMENT AND RESTATEMENT
## OF THE
## ARTICLES OF INCORPORATION
## OF
## COSTCO WHOLESALE CORPORATION

## ARTICLE I

The name of this corporation is:

## COSTCO WHOLESALE CORPORATION

## ARTICLE II

2.1  Classes.  The total number of shares of all classes of stock which this corporation shall have authority to issue is one billion (1,000,000,000), consisting of:

(a)  Nine hundred million (900,000,000) shares of common stock, the par value of each of which is $0.01 (the "Common Stock").

(b)  One hundred million (100,000,000) shares of preferred stock, the par value of each of which is $0.01 (the "Preferred Stock").

2.2  Preferred Stock.  The preferences, limitations and relative rights of the Preferred Stock are undesignated.  The board of directors is authorized to designate one or more series within the Preferred Stock, and the designation and number of shares within each series, and shall determine the preferences, limitations, and relative rights of any shares of Preferred Stock, or of any series of Preferred Stock, before issuance of any shares of that class or series.  The board of directors is authorized to amend these Articles as provided in RCW 23B.06.020 to effect the designation of rights of any series of Preferred Stock.

ARTICLES OF AMENDMENT AND RESTATEMENT

103553.01 .SE(27WH01!.DOC)

Val: 08/27/1999 - 20767
$190.00 on 08/27/1999
Draw - 08/27/1999 - 2

3425 1999 04236 008

## ARTICLE III

3.1    No Preemptive Rights.  The shareholders of this corporation have no preemptive rights to acquire additional shares of this corporation.

3.2    No Cumulative Voting.  The right to cumulate votes in the election of directors shall not exist with respect to shares of stock of this corporation.

3.3    Special Meetings of Shareholders.  The shareholders of this corporation shall have no right to call a special meeting of the shareholders of this corporation for any purpose or purposes and special meetings of shareholders of this corporation may only be called by a majority of the board of directors or the Chairman, the President, any Executive Vice President or the Secretary of this corporation or shareholders owning aggregate at least 10% of all votes entitled to be cast on any issue proposed to be considered at the proposed special meeting.

## ARTICLE IV

The number of directors which shall constitute the whole board of directors of this corporation shall be fixed by, or in the manner provided in the bylaws of this corporation, as the same may be amended from time to time.

## ARTICLE V

The board of directors shall be divided into three classes:  Class I, Class II, and Class III.  Such classes shall be as nearly equal in number of directors as possible.  Each director shall serve for a term ending at the third annual shareholders' meeting following the annual meeting at which such director was elected.  The directors, the class to which they are elected, and the year in which their term expires, are as follows:

| Director | Class | Year in Which Term Expires |
|----------|-------|----------------------------|
| James D. Sinegal | I | 2000 |
| Jeffrey H. Brotman | I | 2000 |
| Richard A. Galanti | I | 2000 |
| Hamilton E. James | II | 2001 |
| Frederick O. Paulsell, Jr. | II | 2001 |
| Jill A. Ruckelshaus | II | 2001 |
| Benjamin S. Carson | II | 2001 |
| Richard M. Libenson | III | 2002 |
| John W. Meisenbach | III | 2002 |
| Charles T. Munger | III | 2002 |

103553.01 .SE(27WH01!.DOC)

3425  1999  04236  009

Richard D. DiCerchio      III         2002

At each annual election, the directors chosen to succeed those whose terms then expire shall be identified as being of the same class as the directors they succeed, unless, by reason of any intervening changes in the authorized number of directors, the board of directors shall designate one or more directorships whose terms then expire as directorships of another class in order more nearly to achieve equality in the number of directors among the classes. When the board of directors fills a vacancy resulting from the death, resignation or removal of a director, the director chosen to fill that vacancy shall be of the same class as the director he succeeds.

Notwithstanding any of the foregoing provisions of Article V, in all cases, including upon any change in the authorized number of directors, each director then continuing to serve as such will nevertheless continue as a director of the class of which he is a member, until the expiration of his current term or his earlier death, resignation or removal. Any vacancy to be filled by reason of an increase in the number of directors may be filled by the board of directors for a term of office continuing only until the next election of directors by the shareholders.

Notwithstanding anything contained in this Article V to the contrary, the classification of directors as provided in this Article V may be altered or eliminated only by an amendment to this Article approved by two-thirds of the votes entitled to be cast by each voting group entitled to vote on such amendment.

## ARTICLE VI

A director of this corporation shall not be personally liable to the corporation or its shareholders for monetary damages for conduct as a director, except for liability of the director (i) for acts or omissions that involve intentional misconduct by the director or a knowing violation of law by the director, (ii) for conduct violating RCW 23B.08.310 of the Washington Business Corporation Act, or (iii) for any transaction from which the director will personally receive a benefit in money, property or services to which the director is not legally entitled. If the Washington Business Corporation Act is amended in the future to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of this corporation shall be eliminated or limited to the full extent permitted by the Washington Business Corporation Act, as so amended, without any requirement of further action by the shareholders.

## ARTICLE VII

The corporation shall indemnify any individual made a party to a proceeding because that individual is or was a director of the corporation and shall advance or reimburse the reasonable expenses incurred by such individual in advance of final disposition of the proceeding, without regard

ARTICLES OF AMENDMENT AND RESTATEMENT          Page 3

3425 1999 04236 010

to the limitations in RCW 23B.08.510 through 23B.08.550 of the Washington Business Corporation Act, or any other limitation which may hereafter be enacted to the extent such limitation may be disregarded if authorized by the Articles of Incorporation, to the full extent and under all circumstances permitted by applicable law.

Any repeal or modification of this Article by the shareholders of this corporation shall not adversely affect any right of any individual who is or was a director of the corporation which existed at the time of such repeal or modification.

## ARTICLE VIII

Subject to the rights of holders of any series of Preferred Stock then outstanding, any director, or the entire board of directors, may be removed from office only for cause and only by the affirmative vote of the holders of a majority of the voting power of all shares of this corporation entitled to vote for the election of directors. As used herein, "for cause" means either (i) conviction of a felony by a court of competent jurisdiction and such conviction is no longer subject to direct appeal or (ii) adjudication for gross negligence or dishonest conduct in the performance of a director's duty to this corporation by a court of competent jurisdiction and such adjudication is no longer subject to direct appeal. Notwithstanding anything to the contrary, this Article may be altered or eliminated only by amendment to this Article approved by two-thirds of the votes entitled to be cast by each voting group entitled to vote on such amendment.

## ARTICLE IX

Amendment of the articles of incorporation, approval of a plan of merger or share exchange, authorization of the sale, lease, exchange or other disposition of all, or substantially all of the corporation's property, otherwise than in the usual and regular course of business, and authorization of the dissolution of the corporation, shall be approved by each voting group entitled to vote thereon by a simple majority of all the votes entitled to be cast by that voting group.

## ARTICLE X

The street address of the registered office of this corporation is:

999 Lake Drive
Issaquah, Washington 98027

and the name of its registered agent at that address is:

Patrick J. Callans

ARTICLES OF AMENDMENT AND RESTATEMENT                                    Page 4

3425 1999 04236 011

EXECUTED this 27th day of August, 1999.

By:   Joel Benoliel,
Title:  Corporate Secretary

ARTICLES OF AMENDMENT AND RESTATEMENT        Page 5

3425 1999 04236 012

## CONSENT TO APPOINTMENT AS REGISTERED AGENT

I, Patrick J. Callans, hereby consent to serve as registered agent, in the State of Washington, for the corporation herein named. I understand that as agent for the corporation, it will be my responsibility to accept service of process in the name of the corporation; to forward corporate license renewal mailings to the corporation; and to immediately notify the office of the Secretary of State in the event of my resignation or of any change in the registered office address of the corporation for which I am agent.

Dated as of the 27th day of August, 1999.

_____
Patrick J. Callans

Address of Registered Agent:

999 Lake Drive
Issaquah, Washington  98027

ARTICLES OF AMENDMENT AND RESTATEMENT                                    Page 6

3425 1999 04236 013

# CERTIFICATE

The following certificate is executed pursuant to RCW 23B.06.070(4), in connection with filing of Articles of Restatement of the Articles of Incorporation of Costco Wholesale Corporation, a Washington corporation.  It is hereby certified that:

(1)    The name of the corporation is Costco Wholesale Corporation.

(2)    Articles I, II, and VI of the articles of incorporation of the corporation are amended henceforth to read in full as set forth in Articles I, II, and VI, inclusive, of the Amended and Restated Articles of Incorporation to which this Certificate is attached and which is incorporated herein by reference.  Article III of the articles of incorporation of the corporation is renumbered as Article X and is amended to read in full as set forth in Article X of the Amended and Restated Articles of Incorporation to which this Certificate is attached and which is incorporated herein by reference. Article V of the articles of incorporation of the corporation is deleted in its entirety. New Articles III, V, VII, VIII and IX are added to the articles of incorporation of the corporation to read in full as set forth in Articles III, V, VII, VIII and IX in the Amended and Restated Articles of Incorporation.

(3)    The Amended and Restated Articles of Incorporation to which this Certificate is attached contain amendments and additions that require shareholder approval.  The amendments and new articles contained in the Amended and Restated Articles of Incorporation were duly approved by written consent of the board of directors and sole shareholder of the corporation, dated August 26, 1999, in accordance with the provisions of RCW 23B.10.030, 23B.10.040 and 23B.10.070 of the Washington Business Corporation Act.

(4)    These Amended and Restated Articles of Incorporation, and the amendments and additions to the corporation's articles of incorporation made thereby, shall be effective upon filing with the Secretary of State, State of Washington.

CERTIFICATE RE ARTICLES OF RESTATEMENT                                    Page 1

103553.01 .SE(27WH01!.DOC)

EXECUTED this 27th day of August, 1999.

By: Joel Benoliel,
Title: Corporate Secretary

CERTIFICATE RE ARTICLES OF RESTATEMENT                    Page 2

103553.01 .SE(27wh01!.DOC)

3425  1999  04236  015