LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**
**JULIET TUMUSIIME AND ADAM MUKIIBI**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIET TUMUSIIME and ADAM MUKIIBI,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, CORELLE BRANDS, LLC; and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. 3:24-cv-07975-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Rule 26, the Standing Order for All Judges of the Northern District of California, and the Court's Order Setting Initial Case Management Conference And ADR Deadlines (Doc. 7), plaintiffs Juliet Tumusiime and Adam Mukiibi ("Plaintiffs") and defendant Costco Wholesale Corporation ("Defendant') hereby submit their Joint Status Report

1. **Jurisdiction and Service**

This is a diversity action where Plaintiff's claimed damages exceed $75,000.00.

All parties have been served and appeared in this action.

2. **Facts**

Plaintiff Juliet Tumusiime contends she suffered severe burns to her right upper extremity, and consequent permanent scarring, extreme pain, and emotional distress, when a pressure cooker unexpectedly ejected its scalding hot contents. Plaintiff Adam Mukiibi was Ms. Tumusiime's lawful spouse at the time of said injuries and complains of loss of consortium under California law. Plaintiffs claim that under California law the pressure cooker was defective in its manufacture, design or warnings and therefore asserts claims under theories of strict liability and negligence against Defendant, a retailer in the chain of distribution of the subject product. Defendant disputes both liability and the nature and extent of Plaintiff's alleged damages.

The initial filing in the underlying state court action included similar claims against Corelle Brands LLC, an entity affiliated with the manufacturer of the pressure cooker. Plaintiffs subsequently learned that this entity was subject to an automatic bankruptcy stay and has had its liability discharged in bankruptcy. (See In Re: Instant Brands Acquisition Holdings Inc, Instant Brands (Texas) Inc, ET AL., 4:23-BK-90716.) Accordingly, plaintiffs requested dismissal of Corelle Brands LLC, which was entered on October 2, 2024, prior to removal.

3. **Legal Issues**

The key legal issues in the case involve issues of tort liability and damages. No unusual legal issues are expected at this juncture.

4. **Motions**

There are no pending motions.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL

The parties reserve the right to file dispositive motions and non-discovery motions as they arise and propose that all such motions shall be filed no later than 180 days from the close of discovery.

### 5. Amendment of Pleadings

Other than potentially naming fictitiously sued parties by their true names, the parties do not currently anticipate amendments to the pleadings. If a currently unknown design, manufacture or distribution entity, or surviving entity, outside of the bankruptcy stay is discovered, the parties reserve their right to amend the pleadings.

If the caption in this case includes Corelle Brands LLC, the parties request that the Court amend the caption to omit this non-party.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Fed. R. Civ. P. 26(f), and do not believe that the discovery of electronically stored information is likely to be a significant cost or burden.

### 7. Disclosures

Defendant and Plaintiffs made their Rule 26(a)(1) initial disclosures on January 16 and 21, 2025, respectively.

Defendant produced documentation of Plaintiff's Shopping history, a Supplier Agreement with Instant Brands, a Certificate of Liability Insurance, a New Ownership Letter, a Quality Testing Report, and an Inspection Report (179 pages total). Defendant identified Plaintiff and her medical providers as witnesses and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL

represented that it has not yet identified any of its employees with knowledge of facts relevant to this action.

Plaintiffs identified a witness to her damages, her medical treaters, and as-yet unknown knowledgeable persons associated with Defendant and/or Corelle Brands and the Instant Pot enterprise. Plaintiffs had previously produced in the underlying state court action Plaintiff's medical records, documents related to lost earnings, photographs of the burn injuries, and the receipt of purchase of the subject cooker from Costco.

8. **Discovery**

Prior to removal, the parties exchanged written discovery requests. The case was removed prior to the parties serving responses. The parties will re-serve written discovery in this federal action now that they have completed their Rule 26 conference.

Prior to removal, Plaintiff propounded written discovery to Defendant on the following subjects:

Contracts and communications between Defendant and any manufacturer or supplier of Instant Pot branded pressure cookers regarding agreements to purchase said products or to design, market, place or sell such products, or to promote consumer product safety;

Assessments, product testing, risk evaluations, and risk mitigation plans related to Instant Pot branded pressure cookers;

The applicable laws, regulations, safety standards, ISO/IEC guidance and other consumer safety requirements applicable to pressure cookers;

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL

Data related to product defects, returns, repairs, prior incidents, complaint and warranty or other claims related to Instant Pot branded pressure cookers;

Defendant's product safety management plan and its development, implementation, and improvement;

Defendant's policies for internal accountability for product safety;

Product safety information provided to consumers; and

The genuineness of certain documents.

Because of the removal, Defendant did not respond substantively on these subjects. Plaintiffs anticipate propounding again the discovery on these subjects as well as additional discovery on, generally, the defectiveness of the product, Defendant's knowledge of the defectiveness of the product, and its conduct. Plaintiffs will also take depositions on these subjects.

A stipulated protective order was entered on January 13, 2025. The parties do not currently anticipate requesting an e-discovery order.

The parties also note that the ability to direct discovery to non-party entities subject to the bankruptcy stay, or surviving entities outside of the stay, is currently unknown.

9. **Class Actions**

Not applicable.

10. **Related Cases**

This case was removed from the Superior Court of California in and for the County of Contra Costa, Case No. C24-02140.  There are no related cases pending in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

5
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL

this District. The parties, however, note the ongoing bankruptcy litigation in the U.S. Bankruptcy Court, Southern District of Texas (Houston), *In Re: Instant Brands Acquisition Holdings Inc, Instant Brands (Texas) Inc, ET AL.*, 4:23-BK-90716.

11. **Relief**

Plaintiffs seek compensatory economic (special) and noneconomic (general) damages according to proof at trial, costs of suit, prejudgment interest and any further relief the Court may deem proper. Plaintiffs special damages may be based in part upon expert testimony.

12. **Settlement and ADR**

On January 9, 2025, the parties submitted a stipulation and proposed order (Form ADR-Stip rev. 1-15-2019) identifying David Moeck, Esq. as private mediator, with a mediation deadline of June 1, 2025.

The parties also filed ADR Certifications on January 23, 2025.

Assuming approval by the Court, the parties intend to abide by the ADR stipulation subject to scheduling availability.

13. **Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

The parties do not currently believe there are any issues that can be narrowed by agreement or by motion or to expedite the presentation of evidence at trial.

15. **Scheduling**

The parties propose a fact discovery cut-off of January 2026.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL

The parties request that the deadline for expert disclosure be set 60 days from the close of fact discovery, with any supplemental experts designated not more than 30 days later. Expert discovery to close 30 days thereafter.

The parties reserve the right to file dispositive motions and non-discovery motions as they arise and propose that all such motions shall be filed no later than 180 days from the close of discovery.

The parties request a trial date in September 2026.

16. **Trial**

Plaintiffs and Defendant have each demanded a jury trial. The parties estimate the length of the trial at 7-10 days.

17. **Disclosure of Non-Party Interested Persons**

Defendant has filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding other than the parties hereto.

18. **Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Miscellaneous**

The parties have no additional matters to bring to the Court's attention at this time. The parties are satisfied to have the Court issue a scheduling order based upon the foregoing, but are happy to appear at an initial scheduling conference at the Court's request.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL

Dated: February 4, 2025        WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
　　MATTHEW D. DAVIS
　　ANDREW P. McDEVITT
　　JOSEPH NICHOLSON
　　Attorneys for PLAINTIFFS
　　JULIET TUMUSIIME AND ADAM MUKIIBI

Dated: February 4, 2025        FREEMAN MATHIS & GARY, LLP

By: _____
　　NATHANIEL L. DUNN
　　Attorneys for DEFENDANT
　　COSTCO WHOLESALE CORPORATION

# PROOF OF SERVICE

**Tumusiime, Juliet, et al. v. Costco, et al.**
**Case No. 3:24-cv-07975**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place, My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

## JOINT CASE MANAGEMENT STATEMENT

to:

| | |
|---|---|
| Sharon C. Collier, Esq.<br>Nathaniel L. Dunn, Esq.<br>FREEMAN MATHIS & GARY, LLP<br>1850 Mt. Diablo Blvd., Suite 510<br>Walnut Creek, CA 94596 | Attorneys for Defendant COSTCO WHOLESALE CORPORATION<br><br>D: (925) 210-2283<br>F: (833) 330-3669<br>Sharon.Collier@fmglaw.com<br>Nate.Dunn@fmglaw.com<br>kgreer@fmglaw.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 4, 2025, at San Francisco, California.

_____
Kirsten Benzien

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1
JOINT CASE MANAGEMENT STATEMENT - CASE NO. 3:24-cv-07975-RFL