LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com

**Attorneys for Plaintiffs**
**JULIET TUMUSIIME AND ADAM MUKIIBI**

**Bryan Cave Leighton Paisner LLP**
Helen C. Goodman, Bar No. 324725
Helen.Goodman@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070
T: +1 415 675 3400
F: +1 415 675 3434

**Bryan Cave Leighton Paisner LLP**
Raphael A. Briones (*Pro Hac Vice*)
Raphael.Briones@bclplaw.com
1290 Avenue of the Americas
New York, NY 10104
T: 212 541 2000
F: 415 675 3434

**Attorneys for Defendant**
**COSTCO WHOLESALE CORPORATION**

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

JULIET TUMUSIIME and ADAM MUKIIBI,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, CORELLE BRANDS, LLC; and DOES ONE through FIFTY, inclusive,

Defendants.

Case No. 3:24-cv-07975-RFL

**SECOND JOINT CASE MANAGEMENT STATEMENT**

Date: February 11, 2026
Time: 10:00 am
Judge: Hon. Rita F. Lin

Plaintiffs JULIET TUMUSIIME and ADAM MUKIIBI and Defendant COSTCO WHOLESALE CORPORATION ("Costco") (collectively, the "Parties"), by and through their undersigned counsel of record, and pursuant to the Court's August 27, 2025 Order to Modify the Scheduling Order Re: ADR [Doc. No. 30], hereby jointly submit their Second Joint Case Management Statement.

**1. JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Complete diversity exists because Plaintiffs are California citizens and Costco is a citizen of the state of Washington, and Plaintiffs agree that the damages alleged in his Complaint exceed $75,000, exclusive of interest and costs.

Plaintiffs have served their Complaint on Costco and no parties remain to be served. No issues exist regarding personal jurisdiction or venue. All remaining Defendants— namely Costco only— have been served.

**2. FACTS**

Plaintiffs filed this product liability action in California Superior Court, Contra Consta County, on August 12, 2024, alleging that they purchased an Instant Pot Duo Gourmet 6-quart pressure cooker ("the Subject Pressure Cooker") from Costco, and that on September 11, 2022, Juliet Tumusiime ("Tumusiime") sustained burn injuries when she was cooking ground steak using the Subject Pressure Cooker. Tumusiime claims that the incident and resulting injuries were caused by a defect in the pressure cooker. Tumusiime alleges five causes of action: (i) Strict Liability - Design Defect; (ii) Strict Liability - Failure to Warn; (iii) Strict Liability - Manufacturing Defect; (iv) Negligence – Product Liability; and (v) Negligence – Failure to Recall/Retrofit. Tumusiime's husband, Plaintiff Adam Mukiibi ("Mukiibi") brings one cause of action for Loss of Consortium. Costco disputes both liability and the nature and extent of Plaintiff's alleged damages.

The initial filing in the underlying state court action included similar claims against

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

Corelle Brands LLC, the supplier of the Subject Pressure Cooker. Plaintiffs subsequently learned that this entity was subject to an automatic bankruptcy stay as a result of pending bankruptcy proceedings. (*See In Re: Instant Brands Acquisition Holdings Inc, Instant Brands (Texas) Inc, ET AL.*, 4:23-BK-90716.) Accordingly, Plaintiffs requested dismissal of Corelle Brands LLC, which was entered on October 2, 2024, prior to removal to this Court.

**3. LEGAL ISSUES**

The key legal issues in the case involve issues of tort liability and damages. No unusual legal issues are expected at this juncture.

**4. MOTIONS**

There are no pending motions at this time.

The parties reserve the right to file discovery motions, dispositive motions, and non-discovery motions as they arise and propose that all such motions shall be filed no later than 180 days from the close of discovery.

**5. AMENDMENT OF PLEADINGS**

The deadline to amend the pleadings without seeking modification of the scheduling order has closed.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Fed. R. Civ. P. 26(f), and do not believe that the discovery of electronically stored information is likely to be a significant cost or burden. Each party has taken appropriate steps to maintain and preserve all hard copies and electronic files believed to be relevant to the issues in this action. The Parties' discussions are ongoing.

**7. DISCLOSURES**

The Parties exchanged their Rule 26(a)(1) initial disclosures on January 16 and 21, 2025, respectively.

Defendant produced documentation of Plaintiff's Shopping history, a Supplier

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

Agreement with Instant Brands, a Certificate of Liability Insurance, a New Ownership Letter, a Quality Testing Report, and an Inspection Report (179 pages total). Defendant identified Plaintiff and her medical providers as witnesses and represented that it has not yet identified any of its employees with knowledge of facts relevant to this action.

Plaintiffs identified a witness to her damages, her medical treaters, and as-yet unknown knowledgeable persons associated with Defendant and/or Corelle Brands and the Instant Pot enterprise. Plaintiffs had previously produced in the underlying state court action Plaintiff's medical records, documents related to lost earnings, photographs of the burn injuries, and the receipt of purchase of the subject cooker from Costco.

**8. DISCOVERY**

To date the following discovery has been conducted:

(1) Plaintiffs propounded written discovery to Costco on February 10, 2025. Costco produced its responses Plaintiffs' discovery requests on October 21, 2025.

(2) Costco propounded written discovery on Plaintiffs on July 21, 2025. Plaintiffs produced their responses to Costco's discovery requests on October 23, 2025 and served amended responses on November 12, 2025.

(3) The deposition of Plaintiff Juliet Tumusiime commenced on November 17, 2025, and completed in a second volume taken on December 22, 2025.

(3) Costco and its experts inspected the subject cooker on December 12, 2025 with Plaintiff's' experts present for the joint inspection.

(4) On November 5, 2025, Plaintiffs' served a Rule 30(b)(6) notice of deposition for Counsel's Person Most Knowledgeable. Costco is willing to provide the availability of its corporate representatives.

(5) Adam Mukiibi was made available for deposition on the dates his wife was deposed, but his deposition did not commence due to time constraints. Plaintiffs will provide a date for his deposition.

On October 27, 2025, counsel for the parties met and conferred by phone to discuss outstanding discovery issues. In that conversation, Plaintiffs agreed to amend their written

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

discovery responses and to provide availability for deposition in November. Plaintiffs described several perceived deficiencies in Costco's responses. Plaintiffs' counsel also requested that Costco's counsel determine whether production of ESI and an ESI protocol would be necessary to adequately respond to Plaintiffs' written discovery. The parties also discussed potential private mediators and inspection of the subject pressure cooker.

On January 29, the Parties met and conferred to discuss a mutual request for an extension of case management deadlines, and, specifically, an extension to complete further and remaining discovery.

The Parties have agreed on the following proposed discovery plan pursuant to Rule 26(f):

**A. Rule 26(a) Initial Disclosures**

The Parties do not believe any changes need to be made to the timing, form, or requirements for disclosures under Rule 26(a). The Parties served initial disclosures on January 16 and 21, respectively.

**B. Scope of Anticipated Discovery and Need for Continuance of Deadlines**

The parties mutually agree that the modification and continuance of the deadlines should be discussed during the Case Management Conference on February 11, 2026. The Parties shall meet and confer ahead of the Conference and will present their mutually agreeable and coordinated plan to complete the remaining discovery as noted below at the Conference. The Parties will file the appropriate stipulated request for extension of case management deadlines as necessary per the Court's instruction.

**C. Electronically Stored Information**

The Parties will engage in discussions with respect to an ESI protocol and search terms to move forward with ESI discovery.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

This case was removed from the Superior Court of California in and for the County

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

of Contra Costa, Case No. C24-02140. There are no related cases pending in this District. The parties, however, note the ongoing bankruptcy litigation in the U.S. Bankruptcy Court, Southern District of Texas (Houston), In Re: Instant Brands Acquisition Holdings Inc, Instant Brands (Texas) Inc, ET AL., 4:23-BK-90716).

**11. RELIEF**

Plaintiffs seek compensatory economic (special) and noneconomic (general) damages according to proof at trial, costs of suit, prejudgment interest and any further relief the Court may deem proper. Plaintiffs' special damages may be based in part upon expert testimony.

**12. SETTLEMENT AND ADR**

On January 9, 2025, the parties submitted a stipulation and proposed order (Form ADR-Stip rev. 1-15-2019) identifying David Moeck, Esq. as private mediator, with a mediation deadline of June 1, 2025. The parties also filed ADR Certifications on January 23, 2025. On August 26, 2025, the parties stipulated to a second continuance of the ADR deadline to conduct further discovery, including, but not limited to, Plaintiffs' depositions, to facilitate a meaningful and productive mediation. The ADR deadline was thereafter continued to January 2026. On or about November 3, 2025, the parties scheduled ADR proceedings with the Honorable Rebecca Westerfield of JAMS for January 26, 2026. Costco, after receiving Plaintiffs' mediation brief on January 5, 2026 continued the mediation. As a result mediation has not yet occurred. The Parties are finalizing a rescheduled date for the proceeding in March 2026.

**13. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The parties do not currently believe there are any issues that can be narrowed by agreement or by motion or to expedite the presentation of evidence at trial.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

**15. SCHEDULING**

As noted above, the Parties believe that an extension of all case management deadlines is necessary and appropriate to the effective resolution of this case.

The Parties request an extension of the fact discovery deadline to July 31, 2026. Further, the Parties propose providing the Court with periodic status updates every 60 or 90 days regarding the status of ESI discovery. The Parties respectfully ask the Court for permission to seek leave to extend the fact discovery deadline if the Parties should discover that over the course of conducting ESI discovery there is good cause to request such an extension.

The parties request that the deadline for expert disclosure be set 60 days from the close of fact discovery, with any supplemental experts designated not more than 30 days later. Expert discovery to close 30 days thereafter.

The parties reserve the right to file dispositive motions and non-discovery motions as they arise and propose that all such motions shall be filed no later than 180 days from the close of discovery.

The parties request a trial date in February 2027.

**16. TRIAL**

Both Parties have demanded a jury trial. The parties estimate the length of the trial at 7-10 days.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant has filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding other than the parties hereto.

/ / /

/ / /

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

**18. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER MATTERS**

The Parties refer the Court to their joint request, above, to discuss a continuance of deadlines for the good cause shown. The parties mutually agree that the modification and continuance of the deadlines should be discussed during the Case Management Conference on February 11, 2026. The Parties shall meet and confer ahead of the Conference and will present their mutually agreeable and coordinated plan to complete the remaining discovery.

The Parties are not currently aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February 4, 2026

WALKUP, MELODIA, KELLY & SCHOENBERGER

By: *\/s/Joseph Nicholson*
MATTHEW D. DAVIS
ANDREW P. McDEVITT
JOSEPH NICHOLSON
Attorneys for PLAINTIFFS
JULIET TUMUSIIME AND ADAM MUKIIBI

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *\/s/Raphael A. Briones*
Helen C. Goodman
Raphael A. Briones
*Attorneys for Defendant*
COSTCO WHOLESALE CORPORATION