

WALKUP, MELODIA
KELLY + SCHOENBERGER

Joseph Nicholson
jnicholson@walkuplawoffice.com

March 27, 2026

**Via ECF**

Judge Rita F. Lin
U.S. District Court California Northern District
San Francisco Courthouse
Courtroom 15, 18th Floor
450 Golden Gate Ave
San Francisco, CA 94102

      **Re:**    *Tumusiime v. Costco, et. al.,* Case No. *3:24-cv-07975-RFL*
            **Joint Dispute Letter**

Dear Judge Lin:

Pursuant to the Court's Standing Order For Civil Cases and Local Rule 37, the parties write to state the nature and status of a discovery dispute and submit their respective proposed orders.

Following a Further Case Management Conference on February 11, 2026, the Court entered an Order Modifying the Scheduling Order [Doc. # 37] on February 19. This Order set the deadline for defendant's substantial compliance with plaintiff's document requests at April 22, 2026. On February 10, 2026, Defendant exchanged with Plaintiffs a proposed ESI protocol. On February 14, Defendant exchanged proposed ESI search terms with Plaintiffs. On February 18, Plaintiffs circulated their redline revisions to the ESI protocol to Defendant. The parties met and conferred via Zoom on February 25 to continue discussing an ESI protocol and ESI search terms. During this discussion, the parties made a good faith effort to resolve their disagreements in this regard. On February 26, Plaintiffs provided their proposed edits to the proposed ESI search terms exchanged by Defendant. The parties continued to exchange emails in a further attempt to resolve or narrow the issues. On March 10, plaintiffs' counsel Joseph Nicholson spoke by phone with defense counsel Amneet Mand, at which time it was agreed the parties would not be able to resolve certain disputes without Court intervention. Plaintiffs' counsel provided its initial draft of this letter to defense counsel on March 12.

Judge Rita F. Lin
March 27, 2026
Page 2

**Plaintiff's Position**

Scope of Discovery Re: Products

Plaintiffs seek discovery of documents and ESI showing that Costco was on notice prior to the sale of the subject cooker that the contents of Instant Pot pressure cookers can reboil and scald users even though the cookers are depressurized. Such evidence likely exists in the form of consumer complaints, internal quality control evaluations, and communications with the manufacturer or suppliers. Plaintiffs contend that knowledge regarding this particular risk present in Instant Pot cookers is relevant even if it pertains to other Instant Pot cooker models.

Under California law, evidence of other accidents can be admitted to prove a defective condition, knowledge of a hazard, or the cause of an accident, provided that the circumstances of the other accidents are similar and not too remote. [*Ault v. International Harvester Co.* (1974) 13 Cal.3d 113, 121–122.] To admit evidence of prior incidents across various models of a class of products, plaintiffs are not required to show identical conditions. [*Colombo v. BRP US Inc.* (2014) 230 Cal.App.4th 1442, 1475.] When evidence is offered to show only that defendant had notice of a dangerous condition, the requirement of similarity of circumstances is relaxed: "'all that is required ... is that the previous injury should be such as to attract the defendant's attention to the dangerous situation....'" [*Hasson v. Ford Motor Co.* (1982) 32 Cal.3d 388, 404, citing *Laird v. T. W. Mather Inc.* (1958) 51 Cal.2d 210, 220; see also *Elsworth v. Beech Aircraft Corp.* (1984) 37 Cal.3d 540, 555.]

Scope of Discovery re: Time

Defendant represents that it entered into a general agreement with Instant Brands to sell Instant Brands products in early 2019. Further, Defendant represents the subject product alleged was first sold during the 2020 holiday season. Based on these representations, plaintiff proposes that a time frame of January 2016 to the present is reasonably calculated to discover what Costco knew about this particular hazard prior to entering into the sales agreement, and appropriately includes post-incident knowledge that is relevant to proving the existence of a defect (see *Ault*, *supra*).

It is well settled in California that a requisite for strict liability for failure to warn is that a particular risk was known or knowable in light of the generally recognized and prevailing best scientific knowledge available at the time of distribution. [*Anderson v. Owens-Corning Fiberglas Corp.* (1991) 53 Cal.3d 987, 1000.] With respect to claims rooted in negligence, a danger is unreasonable "when it is foreseeable." [*Balido v. Improved Machinery, Inc.* (1972) 29 Cal.App.3d 633, 640.]

Judge Rita F. Lin
March 27, 2026
Page 3

<u>ESI Search Terms</u>

Because the nature of the dispute involves the scope of discovery, this has necessarily created an impasse with respect to the parties' selection of ESI search terms. The parties have agreed to certain modifications to Costco's proposed terms ("modified terms"), but a dispute remains as to terms and connectors that are impacted by the dispute outlined above. Costco represents that it will provide a hit report for its original, proposed terms as well as for the modified terms, and will begin the process of identifying, reviewing and producing responsive ESI. Plaintiffs contend that production of ESI results responsive to the original or modified terms does not constitute "substantial compliance" within the meaning of the Order Modifying the Scheduling Order.

<u>ESI Protocol</u>

Outstanding disputes also exist as to the ESI protocol, and include the following portions of the protocol.

Despite the existence of a protective order, defendant seeks to redact its ESI production. As a general matter, it is improper to redact portions of otherwise responsive documents on the grounds that those portions are not relevant or responsive. [*Doe v. Trump*, 329 F.R.D. 262, 275 (W.D. Wash. 2018); *see In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 12230960, at *1 (N.D. Cal. Mar. 15, 2013) ("The Court will not permit Defendants to redact information based on Defendants' unilateral assessment of lack of relevance and/or responsiveness.").] "It is a rare document that contains only relevant information; and irrelevant information within an otherwise relevant document may provide context necessary to understand the relevant information." [*Doe*, 329 F.R.D. at 276.] Moreover, "the unilateral redaction of irrelevant or nonresponsive material from otherwise responsive documents gives rise to suspicion that relevant material harmful to the producing party has been obscured and tends to make documents confusing or difficult to use." [*Id.* (internal quotation marks and citation omitted).] Redactions are also highly disfavored where there is a protective order in place. [See *Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022).] When producing a document, the production is to be made without redaction except as to portions subject to privilege. [*Williston Basin Interstate Pipeline Co. v. Factory Mutual Ins. Co.* (D ND 2010) 270 FRD 456, 458.]

Defendant seeks to withhold attachments to responsive emails that it unilaterally determines are non-relevant. Plaintiffs maintain that such documents should be produced and can be designated Confidential if appropriate.

**Defendant's Position**

Plaintiffs seek discovery that are outside the scope and proportionality of the claims alleged regarding: (1) other similar incidents; (2) other makes and models of Instant Pots

Judge Rita F. Lin
March 27, 2026
Page 4

other than the product alleged; (3) discovery over a period of ten (10) years; and (4) sensitive, non-relevant information and documents, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people that are irrelevant to Plaintiffs' claims.  On February 4, 2025 and February 6, 2026, the parties represented that the discovery of ESI is not likely to be a significant cost or burden. *See* ECF Doc. No. 15 and 31. These representations and the requirements of proportionality under Fed. R. Civ. P Rule 26 should dictate that the resulting ESI order is no significant cost or burden to Costco. Defendant seeks the Court's intervention to resolve these ESI discovery disputes by limiting Plaintiffs' overly broad and unjustified production requests.

<u>Plaintiffs Are Not Entitled to Discovery on Other Similar Incidents and Products.</u>

In Plaintiffs' discovery requests, Plaintiffs request, among other things, information related to "*any and all* Instant Pot branded pressure cookers manufactured by Instant Brands, Corelle Brands or *any* affiliated entity." Plaintiffs define "INSTANT POT" to include every model without limitation.  Plaintiffs bear the burden of proof of demonstrating that the discovery requested is not overbroad in scope and proportionate to the needs of this case.  Particularly, "*Plaintiffs bear the burden* of establishing that the different products are substantially similar and that the discovery is relevant or reasonably calculated to lead to the discovery of admissible evidence." *Barcenas v. Ford Motor Co.*, Case No. C 03-04644RMWE, 2004 WL 2827249, at *3 (N.D. Cal. Dec. 9, 2004) (emphasis added).  This "is a *fact-specific process*," and "conclusory statements of alleged similarity are not enough."  *See Labbe v. Domestic Corporation*, Case No. 2:20-CV-1975-KJM-DMC, 2022 WL 3019913, at *8 (E.D. Cal. July 29, 2022) (emphasis added) (internal quotation marks omitted).  In *Labbe*, the Court found that Plaintiffs *never identified facts or evidence which the court could use to evaluate* substantial similarity between all models. *Id.*  Further, discovery into other models is routinely denied "where the predecessor models did not share pertinent characteristics with the products at issue."  *See Sautter*, 2025 WL 1421275, *5 (limiting discovery on prior injury claims because plaintiffs failed to provide enough evidence beyond conclusory allegations of similarities).

Here, Plaintiffs are not entitled to discovery of other similar incidents and other unalleged products if Plaintiffs have not met their burden to establish that the other similar incidents and other pressure cooker models are substantially similar to the facts and circumstances of this case. Plaintiffs *only* make conclusory statements, and Plaintiffs have been unable to refer to factual evidence in the record to establish that other similar incidents and other pressure cooker models are substantially similar to the alleged incident and the product at issue.  Further, Defendants contend that Plaintiffs overbroad, disproportionate and unsubstantiated requests for other similar incidents and other unalleged products is nothing more than a fishing expedition that goes beyond this litigation and claims at issue.

Judge Rita F. Lin
March 27, 2026
Page 5

<u>Scope of Discovery re: Time - Plaintiffs' Range Lacks Appropriate Limits</u>

Courts within the Ninth Circuit frequently limit discovery requests with a large scope in products liability cases. *See, e.g.*, *Sautter*, 2025 WL 1421275, at *6 (finding no basis to go back fifteen years, and instead limiting date range to only go back 5 years prior to the alleged injury consist with the volume of sales in the 5 years prior to the injury); *In re Bard IVC Filters Products Liability Litigation*, 317 F.R.D. 562, 566 (D. Ariz. 2016) (holding the burden and expense of searching through ESI going back over a 13-year period outweighs the benefit of the proposed discovery).

Plaintiffs propose a date range of *more than ten years*. Defendant's position is that this range is overbroad, unjustified by evidence of record, and based on pure speculation. Plaintiffs speculate, without any factual evidence, that Costco had discussions about hazards and risks associated with "any pressure cooker" in the three years prior to the formation of Costco's relationship with Instant Brands, which was in January 2019. Defendant has represented that sales of the make and model of the subject pressure cooker began during Holiday 2020.  As a more reasonable range in line with proportionality, Defendant proposes a date beginning on September 1, 2020—several months before the Holiday 2020, which is when Defendant began selling the product—to September 11, 2022, the date of the incident.

<u>ESI Protocol: Defendant is Entitled to Redactions and Withholding of Sensitive and Non-Relevant Information</u>

Fed. R. Civ. Pro 26(b) states that "Parties may obtain discovery regarding any non-privileged matter that is *relevant* to any party's claims or defense and *proportional* to the needs of the case (emphasis added).  Fed. R. Civ. P. 26(b).  Courts within the Ninth Circuit tend to agree that sensitive and confidential information, especially information subject to a protective order, is not discoverable.  *See, e.g., In re Medeva Securities Litigation*, Case No. 93-4376, 1995 WL 943468, *3 (C.D. Cal. May 30, 1995) ("[W]here a document contains a paragraph of privileged or very sensitive material, redaction is a sensible solution.")

Plaintiffs argue that the redactions of "*sensitive, non-relevant information*" as noted above is impermissible.  Defendants disagree.  Such information is either protected, confidential, and sensitive, or goes beyond what is discoverable under Fed. R. Civ. Pro. 26(b) because it is not relevant and is disproportionate to Plaintiffs' claims.  Defendants request permission to redact sensitive, non-relevant information.  Plaintiffs also argue that they are entitled to all non-relevant documents and attachments within an ESI family that contains a relevant parent or child attachment.  Defendant disagrees for the same reasons.

Judge Rita F. Lin
March 27, 2026
Page 6

Dated: March 27, 2026      WALKUP, MELODIA, KELLY & SCHOENBERGER

By:     */S/ Joseph Nicholson*
       MATTHEW D. DAVIS
       ANDREW P. McDEVITT
       JOSEPH NICHOLSON
       Attorneys for PLAINTIFFS

BRYAN CAVE LEIGHTON PAISNER LLP

By:     */S/ Ralph Briones*
       HELEN GOODMAN
       RAPHAEL BRIONES
       Attorneys for DEFENDANT