UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIET TUMUSIIME, et al.,

        Plaintiffs,

    v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

Case No. 24-cv-07975-RFL   (ASK)

**ORDER RE: DISCOVERY DISPUTE LETTER**

Re: Dkt. No. 39

The Court is in receipt of the parties' joint discovery dispute letter. Dkt. 39. Regarding discovery on similar incidents and products, it is unclear what exactly Plaintiffs ask the Court to order (*e.g.*, a response to a request for production of documents, use of certain search terms, *etc.*). Nevertheless, Plaintiffs are correct that discovery into similar incidents or products is proper, and Costco is incorrect that Plaintiffs must first demonstrate substantial similarity to every type of "Instant Pot" before obtaining discovery. The substantial similarity analysis can occur after first discovering which Instant Pot models have resulted in accidents, injuries, or similar complaints. The Court trusts and expects that this level of guidance is sufficient to resolve the dispute.

Regarding the date range for search terms, the Court interprets Plaintiffs' request for an expanded date range as a motion to compel, and grants in part, and denies in part that motion. Plaintiffs are correct that with respect to discovery into knowledge about the type of hazard at issue, January 2016 is an appropriate and reasonable start date that is proportional to the needs of the case. With respect to a reasonable and proportional end date, the filing date of the complaint is appropriate.

Regarding the substantial completion deadline for Costco's document discovery, the undersigned did not receive notice of this pending dispute until April 30, 2026, though the dispute letter was filed on March 27, 2026. The oversight likely occurred because the assignment of a

magistrate judge to handle discovery matters in this case changed on April 10, 2026—after the dispute letter was filed. Accordingly, some portion of delay may be due to that series of events, for which Costco does not bear blame. The parties' submission does not provide sufficient detail on Costco's conduct to permit a finding as to whether Costco has run afoul of the substantial discovery deadline.

Regarding redactions of irrelevant information and the withholding irrelevant attachments, the Court interprets Plaintiffs' position on this issue as a motion to compel and grants that motion. Generally, a party may not redact information within a document based on relevance. Obviously, privileged material—whether relevant or not—is necessarily redacted. It also may be proper—and, typically, stipulated—to redact highly sensitive personal information such as passwords or social security numbers. Outside of such narrow, well-understood exceptions, redactions for relevance are improper and Costco's request "to redact sensitive, non-relevant information" is denied. Likewise, if a parent email is relevant and responsive, then the child attachment should be produced as a matter of completeness, regardless of the relevance of the attachment. So too for the irrelevant parent email of a relevant child. The proper way to protect sensitive information, regardless of relevance, is through a protective order that permits designation of and protection for sensitive material.

**IT IS SO ORDERED.**

Dated: May 12, 2026

AJAY KRISHNAN
United States Magistrate Judge

2